UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY CONLEY,
          Plaintiff,

       v.                         Civil Action No. 09-11108-NG

COMMONWEALTH OF MASSACHUSETTS, ET AL.,
          Defendants.

## MEMORANDUM AND ORDER

GERTNER, D.J.

    For the reasons stated below: (1) Plaintiff's Motion for Leave to Proceed *in forma pauperis* is DENIED without prejudice, and (2) this action is DISMISSED *sua sponte* without prejudice.

## BACKGROUND

    On June 24, 2009, Plaintiff Anthony Conley ("Conley") a prisoner in custody at the Massachusetts Treatment Center in Bridgewater, Massachusetts, and a frequent filer in this Court, submitted for filing a skeletal civil Complaint against the Commonwealth of Massachusetts and Probation Officer Marie Mercurio. The Complaint essentially is set forth in narrative form, and is not organized or coherent. In his Civil Cover Sheet attached to the Complaint, he lists his cause of action as a civil rights action, and he asserts false imprisonment; however, he also indicates that the action is a petition for writ of habeas corpus. He seeks $50,000,000.00 in damages.

    While not entirely comprehensible, Conley's Complaint appears to be a recitation of state court proceedings on August 14, 2008, in which he was placed on probation. It also appears that there was some discussion at the hearing that the Commonwealth of Massachusetts and Defendant Probation Officer Mercurio expressed concern that Conley posed a risk of harm to

others.

Although the context is unclear, Conley also complains that the Department of Mental Retardation ("DMR") will not provide services to him and he claims that services should be provided.[1]

Conley states: "I like to be releast [sic] from jail and pay for lost time and a place to live." Compl. at 2. Attached to his Complaint are several exhibits, but the nexus to his claims for release and for money damages is not clear. Those documents include a consultation request form for medical care, and several medical records, including a prescription receipt and a lab report from UMass Memorial Medical Center, Inc. Clinical Laborories, as well as a Worcester County Jail Radiology Report regarding Conley's left ankle. Also included is a discharge summary from Saint Vincent's Hospital.

Accompanying the Complaint Conley filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

## DISCUSSION

I.   The Court May Screen The Complaint

Because Conley is a prisoner, he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis)*; 28 U.S.C. § 1915A (screening of suits against governmental officers and

---

[1] While the circumstances are not clear, it appears that Conley claims that because of the DMR's conduct, he was placed back in custody.

2

entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Neitzke, 490 U.S. at 327-328; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A authorizes the Court to review prisoner complaints in civil (non-habeas) actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

Additionally, to the extent that Conley is seeking habeas relief, the rules governing petitions under 28 U.S.C. § 2254 authorize screening of the petition. Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court is required to examine a petition, and if it "plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254; see McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary

dismissal of § 2254 petition).  Similarly, under 28 U.S.C. § 2243, if "it appears from the application that the applicant . . . is not entitled [to a writ of habeas corpus]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted."  28 U.S.C. § 2243; see Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994).

Because Conley is not proceeding *in forma pauperis* at this time, for the reasons discussed below, the Court screens the Complaint under the auspices of 28 U.S.C. § 1915A and Rule 4, and not pursuant to 28 U.S.C. § 1915(e)(2).  In conducting the screening, Conley's *pro se* pleadings are construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972);  Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).  Even under a generous reading, however, this action must be dismissed for the reasons set forth below.

II.     Conley May Not Seek Both Habeas Relief and Monetary Damages

Here, Conley seeks both habeas relief as well as monetary damages.  Generally, a party only may challenge his custody through a habeas petition and may not also seek monetary relief. See Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (prisoner challenging the very fact or duration of his physical imprisonment and seeking determination that he is entitled to immediate release or speedier release from such imprisonment must proceed under habeas laws); Allen v. McCurry, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical confinement.").

     A.     Declination to Construe as Habeas Petition; Warning to Conley

Because Conley seeks release, the Court could consider this action only as a petition for writ of habeas corpus and not as a non-habeas Complaint seeking monetary relief.  See Rasul v.

Bush, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (construing mixed pleadings as § 2241 habeas petition; exclusive means of securing a writ of habeas corpus is through a habeas petition), aff'd sub nom. Al Odah v. United States, 321 F.3d 1134 (2003).  However, because construction of this action as a habeas petition pursuant to 28 U.S.C. § 2254 could adversely affect or prejudice Conley, the Court will decline to construe this action as a habeas petition.  As pled, Conley has not raised any *bona fide* grounds for habeas relief.  Although he contests the state court finding that he presents a risk of danger, this is insufficient to set forth a claim that his custody is unlawful.[2]  This declination to construe this as a habeas petition is without prejudice to his filing a petition for writ of habeas corpus after he has exhausted all of his state remedies (it is unclear whether he has done so as required by 28 U.S.C. § 2254).[3]

In light of this, should Conley seek habeas relief, he may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (or a habeas petition under § 2241 if he contends that habeas relief under § 2254 is not applicable).  The Clerk shall provide Conley with the standard § 2254 habeas form used by this Court.[4]

Further, in view of Conley's recent litigation history, and in order to avoid any further confusion with his pleadings, and to assist in proper case management and appropriate use of

---

[2]Conley has also failed to name the proper respondent (his immediate custodian) as a respondent to a habeas petition.  Neither the Commonwealth of Massachusetts nor Probation Officer Marie Mercurio are the proper respondents to a habeas petition.

[3]The Court notes that Conley appears to have filed a related challenge to the imposition of probation.  Conley v. Massachusetts Treatment Center, Civil Action No. 09-10967-RGS.  That action was dismissed *sua sponte* on June 12, 2009 for failure to state cognizable habeas claims.  See Memorandum and Order (Docket No. 3).  Judge Stearns also declined to construe the case as a habeas petition under 28 U.S.C. § 2254.

[4]Because Conley appears to be challenging a state court judgment under which he is in custody, his habeas remedy would be raised pursuant to 28 U.S.C. § 2254.

judicial resources, the Court will require Conley to use the standard § 2254 form provided to him. Should he seek to file a habeas petition, he must complete each and every question on the standard form in a clear and concise manner; rambling narratives will not be acceptable and could result in a dismissal of any future action. In addition, Conley must pay the $5.00 filing fee for habeas petitions, or file a completed Motion for Leave to Proceed *in forma pauperis* accompanied by his certified prison account statement for the six-month period preceding the filing of any habeas petition.

Further, Conley is warned that continued filings of habeas petitions or civil actions that fail to state cognizable claims upon which relief may be granted may be deemed to constitute frivolous, malicious, vexatious, and/or abusive filings, and could result in the imposition of sanctions, including an Order enjoining him from filing further actions. He is also advised that as a prisoner, he is subject to the three-strikes rule of 28 U.S.C. § 1915(g) (disqualifying a prisoner from *in forma pauperis* status if he has had, on three or more occasions, civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is imminent danger of serious bodily harm).

B. <u>Failure to State Claims Against Defendants in Civil (Non-Habeas) Action</u>

Finally, should Conley seek to pursue a civil (non-habeas) action for monetary damages, he must file a new Complaint clearly setting forth his claims in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure,[5] along with a renewed *in forma*

---

[5] Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); see <u>Rivera v. Rhode Island</u>, 402

*pauperis* motion and <u>certified</u> prison account statement.

As pled, this action must be dismissed as a civil (non-habeas) action because Conley has failed to state a claim against any Defendant upon which relief may be granted. He presents no circumstances that would imply any liability of the Defendant Probation Officer Mercurio, either in her official or individual capacity, even under a broad reading of the Complaint. Moreover, with respect to the Commonwealth of Massachusetts and Defendant Mercurio in her official capacity, Conley's claims for money damages must be dismissed because of Eleventh Amendment sovereign immunity. <u>See</u> <u>Alabama v. Pugh</u>, 438 U.S. 781, 781 (1978).

Finally, to the extent he raises claims concerning the Massachusetts Department of Mental Retardation (not a named party here), the claims are not set forth in any coherent fashion, and it is impossible to cull out, even under a broad reading, any theory of liability upon which relief may be granted.[6] In view of the substantial pleading deficiencies and other legal

---

F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" <u>Díaz-Rivera v. Rivera-Rodríguez</u>, 377 F.3d 119, 123 (1st Cir. 2004) (quoting <u>Rodríguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1172 (1st Cir. 1995)). <u>See also</u> <u>Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.</u>, 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." <u>Educadores Puertorriqueños en Acción v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004). Additionally, Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1) (as amended, effective December 1, 2007). As the United States Supreme Court has recently stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed him. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (May 18, 2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." quoting <u>Twombly</u>, 550 U.S. at 555).

[6]The Court notes that Conley's Complaint here appears to be a conglomeration of other lawsuits in this Court. <u>See</u> <u>Conley v. Department of Mental Retardation</u>, Civil Action No. 09-10710-JLT (religious discrimination case; pending); <u>Conley v. Glodis</u>, Civil Action no. 09-10992-RGS (medical malpractice case based on administration of penicillin).

impediments, this Court cannot find that Conley has raised any *bona fide* basis for this Court's subject matter jurisdiction.

Accordingly, in light of the above, this action shall be DISMISSED *sua sponte* without prejudice.

III.    The Motion for Leave to Proceed *In Forma Pauperis*

Conley has submitted a compliant *in forma pauperis* motion (Docket No. 2); however, because it is unclear whether this case was intended as a habeas petition (carrying a $5.00 filing fee), or a civil action (carrying a $350.00 filing fee which must be paid in installments under the Prison Litigation Reform Act), the Court will not assess Conley's filing fee obligations at this time, but will DENY the *in forma pauperis* motion without prejudice to renew if Conley submits a new civil (non-habeas) action and/or a habeas petition that complies with the directives contained herein.

Conley is advised, however, that in the future, he will be obligated to pay the filing fee in civil (non-habeas) actions regardless of whether an action is dismissed in the early stages of the litigation after a preliminary screening; the filing fee inures the moment the Complaint is filed. Purkey v. Green, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits. . . . Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court."); McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997)("Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed.").

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is DENIED without prejudice to renew upon the filing of a new civil (non-habeas) action that comports with the requirements of Rule 8 of the Federal Rules of Civil Procedure, and/or the filing of a habeas petition on the standard § 2254 form; and

2. This action is DISMISSED *sua sponte* without prejudice.


SO ORDERED.

/s/ Nancy Gertner
UNITED STATES DISTRICT JUDGE

DATED: July 7, 2009